## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ANDRE DEMAR GIPSON** | § | |
| | § | |
| **V.** | § | **A-21-CV-844-LY-SH** |
| | § | |
| **DIRECTOR, TDCJ-CID** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Relief under 28 U.S.C. § 2254 (Dkt. 1). The undersigned Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Petitioner, proceeding pro se, has paid the full filing fee. For the reasons set forth below, the undersigned finds that Petitioner's petition for writ of habeas corpus should be dismissed.

### I. Background

According to Petitioner, the Director has custody of him pursuant to two judgments and sentences of the 331st Judicial District Court of Travis County, Texas. Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced on August 7, 2008 to 28 years of imprisonment in Cause No. D-1-DC-07-302550. After Petitioner was granted an out-of-time appeal, the Third Court of Appeals affirmed Petitioner's judgment of conviction as modified.

1

*Gipson v. State*, No. 03-12-00808-CR, 2015 WL 661277 (Tex. App. – Austin Feb. 12, 2015, pet. ref'd). The Court of Criminal Appeals refused his petition for discretionary review. *Gipson v. State*, No. PD-0297-15 (Tex. Crim. App. June 10, 2015). Petitioner subsequently challenged his conviction in a state application for habeas corpus relief and executed his application on May 11, 2021. The Texas Court of Criminal Appeals denied the application without a hearing or written order on the findings of the trial court and on the appeals court's independent review of the record. *Ex parte Gipson*, No. 78,611-02 (Tex. Crim. App. July 14, 2021).

Petitioner also was convicted of aggravated robbery with a deadly weapon and sentenced on September 5, 2008 to 25 years of imprisonment in Cause No. D-1-DC-07-204275. The court ordered Petitioner's 25-year sentence to run consecutively to his 28-year sentence. The Third Court of Appeals affirmed Petitioner's judgment of conviction. *Gipson v. State*, No. 03-08-00720-CR, 2009 WL 4455661 (Tex. App. – Austin Dec. 1, 2009, no pet.). Petitioner did not pursue further review of his conviction by filing a petition for discretionary review or a state application for habeas corpus relief.

Petitioner challenges both of his convictions in his federal petition for writ of habeas corpus. He raises various claims of ineffective assistance of counsel.

## **II. Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). That statute provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. Analysis

Petitioner's conviction in Cause No. D-1-DC-07-302550 became final on September 8, 2015, at the latest, at the conclusion of the time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Petitioner's federal petition challenging his conviction in Cause No. D-1-DC-07-302550 was due on or before September 8, 2016. Petitioner did not execute his federal petition until August 15, 2021, nearly five years after the expiration of the limitations period. Petitioner's state application did not operate to toll the limitations period because it was filed after the limitations period already had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that state application for habeas corpus relief filed after limitations period expired does not toll limitations period).

Petitioner's conviction in Cause No. D-1-DC-07-204275 became final on December 31, 2009, at the latest, at the conclusion of the time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. *Gonzalez v. Thaler*, 623 F.3d 222

(5th Cir. 2010) (holding that conviction becomes final when time for seeking further direct review in state court expires). Therefore, Petitioner's federal petition challenging his conviction in Cause No. D-1-DC-07-204275 was due on or before December 31, 2010. As stated, Petitioner did not execute his federal petition until August 15, 2021, long after expiration of the limitations period.

Petitioner may assert that his late filing should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* considered whether ineffective assistance of counsel excuses procedural default – that is, the failure to raise a claim in state court prior to filing a federal application for habeas corpus relief pursuant to Section 2254 – not late filing. *See id.* at 9, 17. Contrary to Petitioner's argument, *Martinez* does not apply to Section 2244(d)'s one-year limitations period. *See, e.g., Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014); *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. 2017).

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (stating that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). Petitioner bears the burden of establishing that equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (*per curiam*). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

4

## IV. Recommendation

It is recommended that Petitioner's petition for writ of habeas corpus be dismissed with prejudice as time barred.

## V. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on procedural grounds, the court will issue a certificate of appealability only when the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner fails to make this showing. The undersigned Magistrate Judge therefore recommends that the Court not issue a certificate of appealability.

## VI. Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo

review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** on November 22, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE